Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH KNOT, LLC, a Massachusetts Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA SPORTSWEAR COMPANY, individually and d/b/a "prAna," an Oregon Corporation; PRANA LIVING, LLC, an Oregon Limited Liability Company; APPLE SADDLERY INCORPORATED, a Canadian Corporation; BACKCOUNTRY.COM, LLC, a Utah Limited Liability Company, individually and d/b/a "SteepAndCheap.com"; THE BENT GATE, INC., individually and d/b/a "Bentgate.com," a Colorado Corporation; CAMP SAVER, LLC, individually and d/b/a "CampSaver.com," a Utah Limited Liability Company; GEBO, INC., individually and d/b/a "Element | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

- 1 -

Outfitters," an Idaho Corporation; FL CROOKS & CO., a Pennsylvania Corporation; GAZELLE SPORTS, INC., a Michigan Corporation; GETZ'S, INC., a Michigan Corporation; IBC BOUTIQUE, LLC, individually and d/b/a "Indigo Blues & Co.", a New Hampshire Limited Liability Company; JANSCOM LLC, individually and d/b/a "Jans Mountain Outfitters" and "Jans.com", a Utah Limited Liability Company; JONES ESTABLISHMENT, a Massachusetts business entity of form unknown; MOUNTAIN TOPS OUTFITTERS INC., a New York Corporation; OUTDOOR GEAR EXCHANGE, INC., a Vermont Corporation; MEREDITH CORPORATION, an Iowa corporation, individually and d/b/a "Shape.com" and "More.com"; SEATACCARSERVICE.NET, a Business Entity of Form Unknown; SKIER'S PEAK, a Michigan Business Entity of Unknown Form; SUNNYSPORTS LTD., a New York Corporation; FARM-WAY, INC., individually and d/b/a "Vermont Gear", a Vermont Corporation; ZAPPOS IP, INC., a Nevada Corporation; and DOES 1 through 10,

Defendants.

Plaintiff, FRENCH KNOT, LLC, ("FRENCH KNOT" or "Plaintiff") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 2 -

COMPLAINT

## INTRODUCTION

Plaintiff is a designer whose original work has been misappropriated and copied without permission on Defendants' branded apparel, which apparel was then marketed and sold to the public. This action is brought to address the widespread infringement of Plaintiff's rights in its work.

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.  Plaintiff FRENCH KNOT, LLC ("FRENCH KNOT") is a limited liability company organized and existing under the laws of the State of Massachusetts.

5.  Plaintiff is informed and believes and thereon alleges that Defendant COLUMBIA SPORTSWEAR COMPANY, individually and doing business as "prAna" ("COLUMBIA") is a corporation organized and existing under the laws of the State of Oregon with its principal place of business located at 14375 NW Science Park Drive, Portland, OR 97229, and is doing business in and with the State of California.

6.  Plaintiff is informed and believes and thereon alleges that Defendant PRANA LIVING, LLC ("PRANA") is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business located at 14375 NW Science Park Drive, Portland, OR 97229, and is doing business in and with the State of California.

7.  Plaintiff is informed and believes and thereon alleges that Defendant

- 3 -

APPLE SADDLERY INCORPORATED ("APPLE") is a corporation organized and existing under the laws of Canada with its principal place of business located at 1875 Innes Road, Ottawa, ON Canada K1B 4C6, and is doing business in and with the State of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant BACKCOUNTRY.COM, LLC, individually and d/b/a "SteepAndCheap.com" ("BACKCOUNTRY") is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 1678 Redstone Center, Suite 210 Park City, UT 84098 and is doing business in and with the State of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant THE BENT GATE, INC., individually and d/b/a "Bentgate.com" ("BENTGATE") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 1313 Washington Avenue, Golden, CO 80401 and is doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CAMP SAVER, LLC, individually and d/b/a "CampSaver.com," ("CAMP SAVER") is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 2280 S Heritage Drive, Nibley, UT 84321 and is doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant GEBO, INC., individually and d/b/a "Element Outfitters" ("GEBO") is a corporation organized and existing under the laws of the State of Idaho with its principal place of business located at 222 S 5th Street, Pocatello, Idaho 83201 and is doing business in and with the State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant FL CROOKS & CO. ("FL CROOKS") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 539

- 4 -

Main Street, Clarion, PA 16214 and is doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant GAZELLE SPORTS, INC. ("GAZELLE") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 214 South Kalamazoo Mall Kalamazoo, MI 49007 and is doing business in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant GETZ'S, INC. ("GETZ'S") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 218 South Front Street, Marquette, MI 49855 and is doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant IBC BOUTIQUE, LLC, individually and d/b/a "Indigo Blues & Co." ("INDIGO") is a limited liability company organized and existing under the laws of the State of New Hampshire with its principal place of business located at 902 Main Street, Contoocook, NH 03229 and is doing business in and with the State of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant JANSCOM LLC, individually and d/b/a "Jans Mountain Outfitters" and "Jans.com" ("JANS") is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 1790 Bonanza Drive, Suite 275, Park City, Utah 84060 and is doing business in and with the State of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant JONES ESTABLISHMENT ("JONES") is a business entity of unknown form organized and existing under the laws of the State of Massachusetts with its principal place of business located at 199 Boylston St, Chestnut Hill, MA 02467 and is doing business in and with the State of California.

COMPLAINT

18. Plaintiff is informed and believes and thereon alleges that Defendant MOUNTAINTOPS OUTFITTERS INC. ("MOUNTAINTOPS") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 144 Main Street, Beacon, NY 12508 and is doing business in and with the State of California.

19. Plaintiff is informed and believes and thereon alleges that Defendant OUTDOOR GEAR EXCHANGE, INC. ("OUTDOOR GEAR") is a corporation organized and existing under the laws of the State of Vermont with its principal place of business located at 37 Church Street, Burlington, VT 05401 and is doing business in and with the State of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant MEREDITH CORPORATION, individually and d/b/a "Shape.com" and "More.com" ("MEREDITH") is a corporation organized and existing under the laws of the State of Iowa with is principal place of business located at 1716 Locust Street, Des Moines, IA 50309 and is doing business in and with the State of California.

21. Plaintiff is informed and believes and thereon alleges that Defendant SEATACCARSERVICE.NET ("SEATAC") is a business entity of unknown form and is doing business in and with the State of California.

22. Plaintiff is informed and believes and thereon alleges that Defendant SKIER'S PEAK ("SKIER") is a business entity of unknown form with its principal place of business located at 6565 Telegraph Road, Bloomfield Hills MI 48301 and is doing business in and with the State of California.

23. Plaintiff is informed and believes and thereon alleges that Defendant SUNNYSPORTS LTD. ("SUNNYSPORTS") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 454 Ninth Avenue, New York, NY 10018 and is doing business in and with the State of California.

24. Plaintiff is informed and believes and thereon alleges that Defendant

COMPLAINT

FARM-WAY, INC., individually and doing business as "Vermont Gear" ("FARM-WAY") is a corporation organized and existing under the laws of the State of Vermont with its principal place of business located at 286 Waits River Road, Bradford, VT 05033 and is doing business in and with the State of California.

25. Plaintiff is informed and believes and thereon alleges that Defendant ZAPPOS IP, INC. ("ZAPPOS") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located at 400 E. Stewart Avenue, Las Vegas, NV 89101 and is doing business in and with the State of California.

26. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of product to Defendant, which Doe Defendants have manufactured and/or supplied and are manufacturing and/or supplying products incorporating Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

27. Defendants Does 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

28. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO COZY IVY HAT

29. Prior to the conduct complained of herein, Plaintiff created an original hat design for use in the fashion industry. It allocated this design Plaintiff's Internal Design Name Cozy Ivy Hat ("Subject Design"). This artwork and design was an original creation of Plaintiff, and is, and at all relevant times was, owned in exclusivity by Plaintiff.

30. Subsequent to Plaintiff's creation of the Subject Design and registration of same with the U.S. Copyright Office, Defendants, and each of them, began developing, manufacturing, marketing, distributing, offering to sell, and selling products that were blatant and unauthorized copies of the Subject Design ("Infringing Product").

31. True and correct images depicting the Subject Design and Infringing Product are set forth below:

///
///

COMPLAINT

| Subject Design: | Infringing Product Exemplar: |
|---|---|
| Hat | Hat |
| | |
| Detail | Detail |
| | |
| | |

32. Plaintiff owns a United States Copyright Registration covering the Subject Design.

33. Prior to the acts complained of herein, Plaintiff marketed and sold product incorporating Subject Design in the fashion and apparel industries.

34. On information and belief it is alleged that PRANA directed its supplier to provide it with reproductions of the Subject Design and distributed said reproductions to the other Defendants, among others.

35. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design, and were selling product bearing illegal reproductions and/or derivations of Subject Design.

36. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, COLUMBIA, PRANA, AMAZON, APPLE, BACKCOUNTRY, BENTGATE, CAMP SAVER, GEBO, FL CROOKS, GAZELLE, GETZ'S, INDIGO, JANS, JONES, MOUNTAINTOPS, OUTDOOR GEAR, MEREDITH, SEATAC, SKIER, SUNNYSPORTS, FARM-WAY, ZAPPOS, and others, including certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed product incorporating artwork identical to or substantially similar to Subject Design. Such product includes, but are not limited to, the product set forth hereunder:

   a. Product sold by COLUMBIA. An example of such Infringing Product is below:

| COLUMBIA Infringing Product Exemplar | Detail |
|---|---|
|  |  |

COMPLAINT

b.  Product sold by AMAZON. An example of such Infringing Product is below:



c.  Product sold by APPLE. An example of such Infringing Product is below:



d.  Product sold by BACKCOUNTRY. An example of such Infringing Product is below:



COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

e.   Product sold by BENTGATE. An example of such Infringing Product is below:



f.   Product sold by CAMP SAVER. An example of such Infringing Product is below:



g.   Product sold by GEBO. An example of such Infringing Product is below:



COMPLAINT

h.   Product sold by FL CROOKS. An example of such Infringing Product is below:



i.   Product sold by GAZELLE. An example of such Infringing Product is below:



j.   Product sold by INDIGO. An example of such Infringing Product is below:



k.  Product sold by JANS. An example of such Infringing Product is below:



l.  Product sold by JONES. An example of such Infringing Product is below:



m.  Product sold by MOUNTAINTOPS. An example of such Infringing Product is below:



n.   Product sold by OUTDOOR GEAR. An example of such Infringing Product is below:



o.   Product sold by MEREDITH. An example of such Infringing Product is below:



p.   Product s sold by SEATAC. An example of such Infringing Product is below:



COMPLAINT

1

2

q.   Product sold by SKIER. An example of such Infringing Product is
     below:



r.   Product sold by SUNNY SPORTS. An example of such Infringing
     Product is below:



s.   Product sold by FARM-WAY. An example of such Infringing
     Product is below:



t.  Product sold by ZAPPOS. An example of such Infringing Product is below:



37. On information and belief it is alleged that PRANA, COLUMBIA, and/or its supplier for the Infringing Product purchased or otherwise obtained an authentic unit of the Subject Design from one of Plaintiff's customers for same and then unlawfully and willfully copied, reproduced and exploited the Subject Design to create the Infringing Product.

38. Upon discovering the infringement, Plaintiff served a written cease and desist notice on PRANA and COLUMBIA, provided them with a copy of its registration for the Subject Design, and demanded that they cease their marketing and sales of the Infringing Product and account for all units sold. PRANA and COLUMBIA responded by stating:

- "The threat isn't credible because there is no evidence your client is the author. In fact, it appears your client is not the author. It's easy to claim authorship and get a copyright registration but attempting to enforce a registration based on a false representation is a different matter. In that case we would seek reimbursement of our costs and attorneys fees as well as consider all other applicable countermeasures. It would be very unwise to knowingly file a false claim."

COMPLAINT

- "Honestly, if this appears to be a "stick up" we will not agree to settle even if it would cost less than fighting.  If you haven't already looked, you will see Columbia and its subsidiaries are not afraid to litigate and will appeal unfavorable judgments even if we must spend many times the amount at issue."

- "Making a false representation in an application to the Copyright Office not only makes the copyright unenforceable by the claimant, it is a crime. "Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500."  18 U.S.C. § 506(e) If we have misunderstood this situation please explain and provide evidence to the contrary. Otherwise, we will consider this matter settled."

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

39.Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

40.The exemplars pictured in this Complaint are non-inclusive, and allegations and claims made herein are made as to any and all of Defendants, and each of their, uses, exploitations, and products that incorporate or bear Subject Design or a copy thereof.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design including, without limitation, through (a) access to Plaintiff's design catalogue and products; (b) access to websites and other stores selling Plaintiff's product; and (c) access to the internet. Access is also

- 18 -

1  established by the striking similarity between Plaintiff's artwork and the

2  corresponding artwork on Defendants', and each of their, infringing product.

3      42. Plaintiff is informed and believes and thereon alleges that one or more of

4  the Defendants manufactures apparel and/or is an apparel vendor.  Plaintiff is further

5  informed and believes and thereon alleges that said Defendant(s) has an ongoing

6  business relationship with Defendant retailers, and each of them, and supplied

7  products to said retailers, which products infringed Plaintiff's rights in the Subject

8  Design in that said products bore a design that was virtually identical or substantially

9  similar to the Subject Design, or was an illegal derivation or modification thereof.

10     43. Plaintiff is informed and believes and thereon alleges that Defendants, and

11  each of them, infringed Plaintiff's copyrights by creating, making, and/or developing

12  directly infringing and/or derivative works from the Subject Design and by

13  producing, distributing and/or selling product that infringes the Subject Design

14  through a nationwide network of retail stores, catalogues, and through websites.

15     44. Due to Defendants' acts of infringement, Plaintiff has suffered substantial

16  damages to its business in an amount to be established at trial.

17     45. Due to Defendants' acts of infringement, Plaintiff has suffered general and

18  special damages in an amount to be established at trial.

19     46. Due to Defendants' acts of copyright infringement as alleged herein,

20  Defendants, and each of them, have obtained direct and indirect profits they would

21  not otherwise have realized but for their infringement of the Subject Design. As

22  such, Plaintiff is entitled to disgorgement of Defendant's profits directly and

23  indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject

24  Design in an amount to be established at trial.

25     47. Plaintiff is informed and believes and thereon alleges that Defendants, and

26  each of them, have committed acts of copyright infringement, as alleged above,

27  which were willful, intentional and malicious, which further subjects Defendants,

28

- 19 -

COMPLAINT

and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

48. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

49. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged herein.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

51. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

52. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits

- 20 -

directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each))

54. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

55. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering the copyright management information on the Subject Design when it created the Infringing Product and distributing the Infringing Product with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the Infringing Product, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

56. Non-inclusive imagery reflecting the removal of the removal of Plaintiff's copyright management information and Defendants' addition of the false copyright management information is set forth below:

**<u>Subject Design</u>**:



COMPLAINT

1

**Infringing Product:**

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16   57.     Plaintiff is informed and believes and thereon alleges that Defendants,

17   and each of them, knowingly removed and altered the copyright management

18   information from the Subject Design when developing and creating the Infringing

19   Product.

20   58. Defendants violated 17 USC § 1202(a) by providing copyright

21   management information that is false, specifically by adding tags, labels, and/or

22   other insignia and indications to the Infringing Product that attributed the artwork on

23   and design of said product to PRANA and/or COLUMBIA.

24   59. Defendants violated 17 USC § 1202(a) by distributing and/or importing for

25   distribution copyright management information that is false.

26   60. Defendants violated 17 USC § 1202(b) by intentionally removing and/or

27   altering Plaintiff's copyright management information as set forth on the Subject

28

Design, and distributing and/or importing for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, and distributing and/or importing for distribution copies of the Subject Design in the form of the Infringing Product, knowing that Plaintiff's copyright management information has been removed and/or altered without authority of the copyright owner or the law, with reasonable grounds to know, that Defendants' conduct will induce, enable, facilitate, and/or conceal an infringement of any right under this title.

61.    The above conduct constitutes at least two discrete violations of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to multiple additional and enhanced common law and statutory damages awards, as well as attorneys' fees and penalties pursuant to 17 USC § 1203 and other applicable law.

62.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

- 24 -

1             trial, or, if elected before final judgment, statutory damages as available

2             under the Copyright Act, 17 U.S.C. §§ 505, 1202, *et seq.*;

3       c.  That Plaintiff be awarded its costs and attorneys' fees as available under

4          the Copyright Act U.S.C. §§ 505, *et seq.*;

5       d.  That Plaintiff be awarded its costs, attorneys' fees, and statutory

6          damages under 17 USC § 1203.

7       e.  That Defendants, and each of them, account to Plaintiff for their profits

8          and any damages sustained by Plaintiff arising from the foregoing acts

9          of infringement;

10      f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

11      g.  That Plaintiff be awarded the costs of this action; and

12      h.  That Plaintiff be awarded such further legal and equitable relief as the

13         Court deems proper.

14
15       PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE
PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE

16  UNITED STATES CONSTITUTION.

17                             Respectfully submitted

18  Dated: May 16, 2018                    By:    */s/ Scott Alan Burroughs*

19                                 Scott Alan Burroughs, Esq.

20                                 Justin M. Gomes, Esq.

21                                 DONIGER / BURROUGHS
                               Attorneys for Plaintiff

22                                 FRENCH KNOT, LLC

23
24
25
26
27
28

COMPLAINT